■ In the Matter of MARCIA FERNANDEZ, Petitioner, v CESAR PERALES et al., Respondents. [601 NYS2d 185] —Proceeding pursuant to CPLR article 78 to review a determination of the respondent New York State Commissioner of Social Services, dated February 14, 1990, which amended a prior determination, dated January 18, 1990, by deleting a finding that an intentional program violation had not occurred.

Adjudged that the petition is granted, on the law, without costs or disbursements, to the extent that the determination dated February 14, 1990, is annulled, the determination dated January 18, 1990, is reinstated, and the matter is remitted to the respondent Commissioner of the New York State Department of Social Services for further proceedings in accordance herewith if he be so advised.

By determination dated January 18, 1990, the respondent Commissioner of the New York State Department of Social Services (hereinafter DSS), after a fair hearing, held that the petitioner had received an "overissuance" of food stamp benefits due to an "inadvertent household error" when she failed to disclose a joint bank account she held with her husband (see, 18 NYCRR 387.1 [y]; 399.1 [f]). This determination also noted that no "intentional program violation" had occurred (see, 18 NYCRR 387.1 [aa]; 399.1 et seq.). However, the DSS subsequently commenced a proceeding against the petitioner to recoup these overissued benefits based on the allegation that the same omission scrutinized in the inadvertent error hearing was also an intentional program violation. When the petitioner protested that the January 18, 1990, determination had already resolved this issue in her favor, the DSS responded by amending the determination to delete the sentence which noted that no intentional program violation had occurred. The petitioner seeks to vacate this later amended determination and to reinstate the initial determination.

Without passing on the substantive merits of the DSS's amended determination, we hold that it was procedurally defective. Pursuant to 18 NYCRR 358-6.6 (a) (3), the DSS may amend a prior determination as to the law or facts only upon notice to the parties. Here, as notice to the petitioner was concededly not given, the February 14, 1990, amended determination must be annulled, and the January 18, 1990, determination reinstated.

We reject the petitioner's contention that certain language in the January 18, 1990, determination estopped the DSS, under any provision of the relevant regulations, from seeking recoupment of the overissued food stamp benefits for the period running from September 1980 until June 1987. Reading the determination in its entirety, it is clear that the DSS foreclosed recovery of these overissuances during this period upon the theory of inadvertent household error only (which has a one-year period of limitation from the date of discovery) and that the determination did not intend to foreclose recovery under any other provision of the relevant regulations (see, e.g., 18 NYCRR 399.1 et seq.). Sullivan, J. P., Balletta, Ritter and Santucci, JJ., concur.